**STATE OF WEST VIRGINIA**

*In re*: G.B. and K.B.-1

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 17-0508 (Webster County 17-JA-1 and 17-JA-2)

## MEMORANDUM DECISION

Petitioner Father K.B.-2, by counsel Teresa C. Monk, appeals the Circuit Court of Webster County's May 3, 2017, order terminating his parental rights to G.B. and K.B.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2017, the DHHR filed an abuse and neglect petition alleging that petitioner and, D.B., the mother of G.B. and K.B.-1, engaged in domestic violence in the children's presence and abused and trafficked drugs in the home. According to the petition, petitioner was also arrested for battery and burglary following an incident during which he attempted to forcibly take G.B. out of the mother's arms during an argument. Petitioner then struck the mother and G.B. during the same argument and later attempted to enter the mother's home. Petitioner injured the children's grandmother in the process. The petition also alleged that petitioner committed numerous incidents of domestic violence against the mother over a three-year period. Petitioner thereafter waived his right to a preliminary hearing.

In February of 2017, the circuit court held an adjudicatory hearing wherein the circuit court heard testimony from the mother, Sergeant Matt Diez, and a DHHR worker. Petitioner did

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Because petitioner and one of the children share the same initials, we will refer to the child as K.B.-1 and to petitioner as K.B.-2 throughout this memorandum decision.

not testify on his own behalf. The circuit court also heard evidence that petitioner previously had his parental rights terminated to another child. By order entered on February 15, 2017, the circuit court adjudicated petitioner as an abusing parent and found that he engaged in domestic violence in the children's presence; struck the child, G.B.; and had his parental rights terminated to another child due to incidents involving domestic violence.

In April of 2017, the circuit court held a dispositional hearing wherein it found that petitioner's case was one of aggravated circumstances due to his prior termination based on domestic violence and his inability to successfully complete an improvement period or comply with the circuit court's orders. The circuit court also noted petitioner's history of domestic violence. Based on the evidence presented, by order dated May 3, 2017, the circuit court determined that the circumstances of petitioner's current incarceration made his participation in an improvement period impossible, found that there was no reasonable likelihood he could substantially correct the conditions of abuse and neglect, and terminated his parental rights to the children. It is from that order that petitioner appeals.

The Court has previously established the following standard of review in cases such as these:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights.

Petitioner's argument on appeal is that the circuit court erred in terminating his parental rights to the children instead of granting his request to terminate only his custodial rights. He also argues that the "only problem with correcting his problems was the fact that he was incarcerated." We disagree. West Virginia Code § 49-4-604(b)(6) provides that a circuit court is directed to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected" exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

2

In this case, the circuit court was presented with evidence that petitioner engaged in domestic violence in the children's presence, struck one of the children, and had his parental rights previously terminated to another child due to incidents involving domestic violence. The circuit court also found that, in the five years between abuse and neglect proceedings involving petitioner, "he made no effort to change his behavior." The circuit court noted that petitioner did not request an improvement period in the present case. Given petitioner's complete lack of improvement during these proceedings, we find no error in the circuit court's termination order. The circuit court properly found that petitioner was not reasonably likely to substantially correct the conditions of abuse and neglect in the near future, and it is clear from the record that the children's welfare necessitated the termination of petitioner's parental rights. Accordingly, we find no error below.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 3, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: October 23, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3